UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DIANA O'BRIEN, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   No. 1:21-cv-00038-JDL |
| | ) |
| MAC'S CONVENIENCE | ) |
| STORES, LLC, | ) |
| | ) |
|     Defendant | ) |

## MEMORANDUM DECISION AND ORDER ON MOTION TO AMEND

Mac's Convenience Stores, LLC, seeks leave to amend its answer to Diana O'Brien's complaint to assert an affirmative defense based on statutory damages caps. *See* Motion for Leave to File an Amended Answer ("Motion") (ECF No. 31). For the reasons that follow, I grant the motion.

### I. Background

O'Brien filed her complaint in February 2021 asserting claims against Mac's under the Americans with Disabilities Act (ADA), the Family and Medical Leave Act, the Maine Human Rights Act (MHRA), and the Maine Family Medical Leave Requirements. *See* Complaint (ECF No. 1). In her complaint, O'Brien specifically alleged that Mac's "had more than 500 employees for purposes of the" applicable statutory damages caps under the ADA and MHRA, *id.* ¶ 19, and Mac's admitted the allegation in its answer, *see* Answer (ECF No. 7) ¶ 19.

After Mac's filed its answer, the Court issued a scheduling order in April 2021 setting July 14, 2021, as the deadline for amendment of pleadings and joinder of parties. *See* Scheduling Order (ECF No. 8). Thereafter, the Court granted several

unopposed motions to extend certain pretrial deadlines but did not extend the deadline for amendment. *See* ECF Nos. 13, 15, 17, 25, 28, 30. Mac's filed the instant motion on April 8, 2022, almost nine months after the deadline to do so and less than one month before the current discovery deadline. *See* Motion at 1. Given the tight time frame, I requested expedited briefing and dispensed with a reply.

## II.  Legal Standard

"A motion to amend . . . will be treated differently depending on its timing and the context in which it is filed." *See Steir v. Girls Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004). In some circumstances, a party may amend its pleading as a matter of course; otherwise, as here, a party may amend its pleading only with the consent of the opposing party or leave of court. *See* Fed. R. Civ. P. 15(a)(1)-(2).

When such leave is sought before the deadline for amendment of pleadings, it should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Once a scheduling order is established and the cut-off date for amendments has passed, however, Federal Rule of Civil Procedure "16(b)'s more stringent good cause standard supplants Rule 15(a)'s leave freely given standard." *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015). The good cause "standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir*, 383 F.3d at 12. The longer a party delays, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.*

### III. Discussion

Mac's bases its motion on this Court's recent decision in *Bell v. O'Reilly Auto Enterprises, LLC*, No. 1:16-cv-00501-JDL, 2022 WL 782784 (D. Me. Mar. 15, 2022). Motion at 3-4. It contends that *Bell* was a "novel and significant" decision holding that "statutorily mandated caps on . . . damages are now treated as waived . . . in this Court unless a defendant asserts an applicable affirmative defense in its" answer. *Id.* at 3-4. Based on this purported "new treatment of statutory damages caps as waivable," Mac's seeks leave to add the following language to its answer: "Plaintiff's damages, if any, are limited by the statutory caps applicable to Plaintiff's claims." *Id.* at 4. It asserts that O'Brien will not suffer any prejudice from such an amendment because the applicability of the caps is undisputed and the amendment will not necessitate further discovery. *See id.* at 4-5.

O'Brien opposes the amendment Mac's seeks to make. *See* Response in Opposition (ECF No. 32). She argues that *Bell* is based on longstanding First Circuit caselaw and therefore does not constitute good cause for a late amendment. *See id.* at 4-5. She also points out that counsel for Mac's has previously asserted statutory damages caps as affirmative defenses in other cases involving similar claims. *See id.* at 5-6.

I agree that *Bell*—which is based on First Circuit caselaw from as far back as 1975—does not provide much justification for the late amendment that Mac's seeks to make. *See Bell*, 2022 WL 782784, at *1-2. Nevertheless, as discussed in *Bell*, the reason affirmative defenses must be pleaded "in the answer is to give the opposing

3

party notice of the defense and chance to develop evidence and offer arguments to controvert the defense." *Id.* at *3 (quoting *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1226 (1st Cir. 1994)).  Here, O'Brien herself raised the issue of statutory damages caps in her complaint, and Mac's admitted that the caps applied in its answer.  *See* Complaint ¶ 19; Answer ¶ 19.  Allowing Mac's to amend its answer to include the caps as affirmative defenses, then, simply reiterates what the parties have expressly agreed upon since the start of this case.

In such circumstances, despite Mac's marginal explanation for its delay, I find good cause to grant it leave to amend its answer.  *See Shervin v. Partners Healthcare Sys.*, 804 F.3d 23, 52 (1st Cir. 2015) ("A district court may relax the raise-or-waive rule [for affirmative defenses] when equity so dictates and there is no unfair prejudice to any opposing party."); *see also Sebunya v. Holder*, 293 F.R.D. 36, 39 (D. Me. 2013) (cautioning against elevating "procedural deadlines . . . over the Court's duty to ensure claims and defenses are heard, to the extent practicable, on the merits").

## IV.  Conclusion

For the foregoing reasons, the motion is **GRANTED**.


### *NOTICE*

***In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

***Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.***

Dated: April 22, 2022

/s/ Karen Frink Wolf
Karen Frink Wolf
United States Magistrate Judge