**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **DIANA O'BRIEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   1:21-cv-00038-JDL |
| | ) |
| **MAC'S CONVENIENCE** | ) |
| **STORES LLC,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER ON PLAINTIFF O'BRIEN'S OBJECTION**

Plaintiff Diana O'Brien alleges (ECF No. 1) that her former employer, Mac's Convenience Stores LLC ("Mac's Convenience"), discriminated against her when it terminated her employment in October 2019 following a leave of absence, in violation of the Americans with Disabilities Act, the Family and Medical Leave Act, the Maine Human Rights Act, and the Maine Family Medical Leave Requirements.

Mac's Convenience filed a motion for leave to file an amended answer (ECF No. 31) on April 8, 2022, seeking the Court's permission to amend its answer to assert an affirmative defense regarding the applicability of statutory damages caps in response to the Court's recent ruling in *Bell v. O'Reilly Auto Enterprises, LLC*, No. 1:16-cv-00501, 2022 WL 782784 (D. Me. Mar. 15, 2022). O'Brien opposed (ECF No. 32) Mac's Convenience's motion to amend. Magistrate Judge Karen Frink Wolf granted Mac's Convenience's motion (ECF No. 33) and O'Brien filed an objection (ECF No. 42), contending that Mac's Convenience failed to show good cause to amend its answer.

In her decision, the Magistrate Judge concluded although the motion to amend was filed almost nine months after the deadline to do so, good cause supported granting the motion. She explained that O'Brien had herself raised the issue of statutory damages caps in her complaint and Mac's Convenience had admitted that the caps applied in its original answer. Accordingly, permitting a late amendment of the answer would merely serve to reiterate what the parties had acknowledged and understood since the beginning of the case, and would not unfairly prejudice O'Brien.

Pursuant to Federal Rule of Civil Procedure 72(a), I "must consider timely objections and modify or set aside any part of [a non-dispositive] order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C.A. § 636(b)(1)(A) (West 2022); *SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-cv-00333, 2014 WL 1203244, at *1 (D. Me. Mar. 24, 2014) ("When the Magistrate Judge issues an order on a non-dispositive matter, the Court reviews factual findings for clear error and legal findings de novo."). Having reviewed Judge Wolf's factual determinations for clear error and her legal determinations de novo, together with the entire record, I find no error in her factual and legal determinations.

Accordingly, O'Brien's Objection (ECF No. 42) is **DENIED**.

**SO ORDERED.**

**Dated: August 12, 2022**

                                                 /s/ **JON D. LEVY**
                                           **CHIEF U.S. DISTRICT JUDGE**